PER CURIAM.
Defendant, Harold Hunt, was tried by jury, convicted and sentenced to five years in the state penitentiary for possession of a controlled substance. He appeals contending that on voir dire examination, after he ■had used all of his peremptory challenges, the trial court erred in denying his motion to excuse a juror for cause.
The challenged juror, in response to questioning by the court, stated,
“THE COURT: What kind of work do you do, ma’am ?
MISS LUNSFORD: I’m a dietician.

THE COURT: Is there anybody in your family or close to you who is either in law enforcement or in the legal profession?
MISS LUNSFORD: My boy friend is a policeman. My brother-in-law is a policeman and my boy friend’s sister is a policeman.

THE COURT: Is there anything about your relationship with any of those people which would affect your ability to be fair?
MISS LUNSFORD: I don’t believe so. I don’t think so.
THE ■ COURT: Would you give any more weight to the testimony of a police officer than you would to any other witness?
MISS LUNSFORD: No.”
Other questions on voir dire elicited that the juror’s brother-in-law had just gotten out of police training; that she had been seeing her police officer boy friend for about six months, and that she had little or no discussions about police work with her boy friend or brother-in-law. The trial was completed the same day as the jurors were impaneled.
• The challenge for cause to the individual juror by Hunt does not come within or meet the grounds for challenge under § 913.03, Fla.Stat. We find nothing in the record that the juror sought to be challenged was possessed of a state of mind which would prevent her from returning a *504 verdict according to the evidence submitted and the law given at the trial. As stated in Piccott v. State, Fla.1959, 116 So.2d 626,
“Competency of a challenged juror is a question of mixed law and fact to be determined by the trial judge in his discretion and the decision of the trial judge will not be disturbed unless the error is manifest.”
Hunt also contends that the trial court erred in denying his motions for a directed verdict at the close of the state’s case and at the close of all of the evidence because the evidence was insufficient to prove the crime charged. We regard the evidence adduced at trial ample and sufficient to support the jury verdict.
The other point on appeal is without merit and will not be discussed.
Affirmed.